**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-10450
Summary Calendar

Wien Air Alaska, Inc.,

Plaintiff-Appellant,

VERSUS

Gerald I. Brandt,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

(4:95-CV-591-Y)

September 5, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges

PER CURIAM:[*]

Wien Air Alaska, Inc. ("Wien") has appealed the district
court's dismissal of this case on grounds of forum non conveniens.
We affirm the district court's ruling.

Wien sued Gerald Brandt in a Texas state court alleging that
Brandt defrauded the company in an overseas business venture. Wien

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

is a Texas corporation engaged in the business of leasing commercial aircraft on an international basis. Brandt is an attorney, and a citizen and resident of the Federal Republic of Germany ("Germany"). After removing this case to the Northern District of Texas, Brandt filed a motion to dismiss the case on forum non conveniens grounds. The district court granted Brandt's motion and this appeal followed.

We review a district court's dismissal on forum non conveniens grounds for "clear abuse of discretion." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981); see also Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 221 (5th Cir. 2000); Dickson Marine, Inc. v. Panalpina, Inc., 179 F.3d 331, 341 (5th Cir. 1999) (both citing Piper Aircraft). "[G]enerally, a district court abuses its discretion when it grants a motion to dismiss without oral or written reasons or if it fails to address and balance the relevant principles and factors." Dickson Marine, 179 F.3d at 341. We therefore only reverse the lower court's decision if it made unreasonable or unsupported conclusions when applying the forum non conveniens factors discussed in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947). See Alpine View, 205 F.3d at 221.

District courts apply a three step inquiry in determining whether to dismiss a case on forum non conveniens grounds. First, the court determines whether an available and adequate forum exists where "the entire case and all of the parties come within the

2

jurisdiction of that forum." Dickson Marine, 179 F.3d at 342. Second, if an adequate alternative forum exists, the court balances several "private interest" factors to determine if dismissal is warranted. See id. If the private interest factors weigh in favor of dismissal, the court need not make further inquiry. Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1549 (5th Cir. 1991), cert. denied, 502 U.S. 963 (1991). Finally, if the private interest factors remain closely balanced, the district court may dismiss the action based on "public interest" factors that favor the alternative forum. See In re Air Crash Disaster Near New Orleans, La., 821 F.2d 1147, 1165 (5th Cir. 1987).

The district court found that Germany was an adequate and available alternative forum. The only evidence in this case regarding the adequacy of the German legal system suggests that it is sophisticated and that it recognizes the relevant causes of action in this case. The fact that the filing fee in German courts is one percent of the total recovery sought does not make German courts inadequate alternative forums. See, e.g., Mercier v. Sheraton Int'l, Inc., 981 F.2d 1345, 1353 (1st Cir. 1992) (holding that a fifteen percent cost bond did not make Turkish courts unavailable); Nai-Chao v. Boeing Co., 555 F. Supp. 9, 16 (N.D. Cal. 1982), aff'd, 708 F.2d 1406 (9th Cir.), cert. denied, 464 U.S. 1017 (1983) (holding that a one percent filing fee was not relevant to the adequacy of the foreign forum).

3

The district court also found that the private interest factors in this case weighed in favor of Germany. The Supreme Court has held that the following private interest factors are relevant to the forum non conveniens inquiry: (1) the relative ease of access to evidence; (2) the availability of compulsory process of likely witnesses; (3) practical considerations such as the cost and speed of trial; and (4) the enforcibility of judgment if one is obtained. See Gilbert, 330 U.S. at 508-09.

In weighing the private interest factors in this case, the court considered the following facts. First, the court noted that although Wien is incorporated in Texas, it is an international corporation that maintained offices in Germany at the time that its causes of action accrued. Brandt, on the other hand, is an individual residing in Germany, who made only one trip to Texas upon Wien's insistence. Second, the district court found that the majority of the key witnesses in this case live in or around Germany. This finding was based in part on the fact that the transaction at issue involved the sale of commercial aircraft in Germany and the possible expansion of Wien's business in Eastern Europe. Third, the court noted that the contracts at issue in this case are written in German, and that German law will probably govern this case. Fourth, Brandt showed that he owned no assets in the United States, so that enforcing a judgment in this case would ultimately require Wien to file suit in Germany. Finally, the court noted that as a practical matter, Germany has an interest in

4

policing the activities of its attorneys, particularly when they are engaged in activities centered in Germany.

We conclude that the district court did not abuse its discretion in finding (1) that German courts provide an adequate alternative forum and (2) in balancing the private interests in favor of Germany. We therefore AFFIRM the district court's dismissal of Wien's action on forum non conveniens grounds.